JAMES JENKINS, Adm'r. &c., *v.* JAMES W. JARRETT.

When a bargain is made for the purchase of goods, and nothing is said about payment or delivery, the property passes immediately, so as to cast on the purchaser all future risk, if nothing remains to be done to the goods, although such purchaser cannot take them away without paying the price.

*Therefore,* a levy of an execution on a horse which had been sold but not delivered, as the property of the purchaser of such horse, was valid.

(*May* v. *Gentry*, 4 Dev. 8 Bat., 117, cited and approved.)

CIVIL ACTION, brought to recover the value of a horse, tried upon a case agreed, by *Clarke, J.,* at the Fall Term, 1873, of WILSON Superior Court.

Upon the trial, his Honor being of opinion with defendant, gave judgment accordingly, from which judgment the plaintiff appealed.

The facts upon which the decision of the Court is based are found fully stated in the opinion of Justice RODMAN.

*Smith & Strong,* for appellants.
No counsel in this Court, contra.

RODMAN, J. This is an action to recover a horse. The case is as follows:

Sometime before the year 1868, Taylor, who owned the horse, sold and delivered to Barnes, and took Barnes' note for the price. Afterwards he agreed with Barnes to take the horse back and credit Barnes' note with $200. The horse was not re-delivered to Taylor, Barnes saying he would keep the horse until he got in better condition; nor was Barnes' note then credited according to the agreement. While the horse was thus in the possession of Barnes, Taylor agreed to sell him to the plaintiff in payment of a debt which he owed to plaintiff. Taylor informed Barnes of this sale, and Barnes sent the horse to Taylor, who received him, as he said, for plaintiff, and sent

word to plaintiff to come and get the horse, which he did. While the horse was in the possession of Barnes, and after the re-sale by him to Taylor, (if it amounted to a re-sale,) an execution against Taylor, issued upon a judgment in the Circuit Court of the United States, tested of a day during such possession by Barnes. Under this execution the marshal levied on the horse as the property of Taylor when defendant purchased. The only question in the case is whether the transaction between Barnes and Taylor, amounted to a re-sale by Barnes to Taylor, and vested the property in Taylor, between that time and his sale to Jenkins, the plaintiff.

We are of opinion that it did. The law is clearly stated in Blackburn on Sales, 148. The author cites the opinion of BAYLEY, J., in *Simmons* v. *Swift*, 5 B. & C., 862. "Generally speaking, where a bargain is made for the purchase of goods, and nothing is said about payment or delivery, the property passes immediately, so as to cast on the purchaser all future risk, if nothing remains to be done to the goods, although he cannot take them away without paying the price."

Blackburn says: "When the parties are agreed as to the goods on which the agreement is to attach, the presumption is, that the parties intend the right of property to be transferred at once, unless there be something to indicate a contrary intention." See also Benjamin on Sales, 233.

In this case there was nothing to be done either to put the horse in a deliverable condition or to ascertain the price or mode of payment, and nothing to indicate an intention that the property should not pass at the time. Barnes says he will keep the horse until he is in better condition, to which Taylor assents; but there is nothing to show that he was not to keep him as the agent of Taylor, and he sends him to Taylor without requiring a credit for the $200 to be entered on his note.

*May* v. *Gentry*, 4 D. & B., 117, which might be supposed, from the digest of it, to contain a different doctrine, will be found on examination, not to do so. The decision went on the ground that the parties never came to any final agreement as

to the terms of the sale. What is said about delivery and earnest money, is clearly added as a mere supplementary make-weight to the previous reason, and was unnecessary.

As the property in the horse passed to Taylor, it was bound by the execution against him, tested before his sale to the plaintiff.

According to the case agreed there must be judgment for the defendant.

PER CURIAM.                 Judgment affirmed.