SIMS v. NORFOLK AND WESTERN RAILROAD COMPANY.

(Filed May 27, 1902.)

1. LICENSES—*Taxation—Interstate Commerce—Sewing Machines—Acts 1901, Chap. 9, Sec. 52.*

Where sewing machines are shipped into the state to be delivered to the consignee upon payment of the purchase-price, the seller is liable for the license tax due under Acts 1901, Chap. 9, Sec. 52.

2. LICENSES—*Taxation—Collection—Levy—Acts 1901, Chap. 9, Sec. 101.*

A sewing machine shipped into the state on bill of lading, to be delivered to the consignee upon the payment of purchase-money, may be levied upon by the sheriff before delivery to the consignee, for failure to pay license tax due under Acts 1901, Chap. 9, Sec. 101.

ACTION by J. R. Sims, Sheriff, against the Norfolk and Western Railroad Company and Mrs. O. L. Satterfield, heard by Judge *Waller H. Neal*, at Chambers, at Durham, N. C., January 7, 1902. From a judgment for the plaintiff, the defendants appealed.

*Robert D. Gilmer,* Attorney-General, and *Shepherd & Shepherd,* for the plaintiff.
*Guthrie & Guthrie,* for the defendants.

CLARK, J.   Laws 1901, Chap. 9, Sec. 52, provides that "Every manufacturer of sewing machines, and every person or persons, or corporation, engaged in the business of selling the same in this State, shall, before selling or offering for sale any such machine, pay to the State Treasurer a tax of three hundred and fifty dollars and obtain a license," and makes the the failure to do so a misdemeanor.

By the "facts agreed" in this case it appears that Sears, Roebuck & Co., of Chicago, have not paid said tax nor ob-

tained a license, and that prior to this transaction they had made several deliveries at various points in North Carolina on the lines of other interstate railroads running into this State, and that all these shipments, like the one here in question, were made on bills of lading providing that the sewing machine should not be delivered till it was paid for by the person named as consignee.

Thus the title could not pass till such payment was made to the common carrier, acting as agent of the shipper. This was an executory contract in Illinois, but there was no sale till the payment was made, and thus the sale was executed in North Carolina and the shippers are liable to the above tax. The title to this machine having remained in the shipper until such payment (Tiedeman on Sales, Secs. 95, 97), the machine was properly levied on before such payment for the license tax due by the shippers. Laws 1901, Chap. 9, Sec. 101 (last paragraph of Section).

The well-known case of *O'Neal v. Vermont,* 144 U. S., 324, is decisive of the point. There, in the shipment of liquor from New York into Vermont, C. O. D., it was held that the completed executory contract was in New York, but the completed sale was in Vermont—as here.

*Ober v. Smith,* 78 N. C., 313; *State v. Groves,* 121 N. C., 632, relied on by defendants were cases of an unconditional delivery to the common carrier, and of course the title passed to the consignee upon delivery to the carrier. *State v. Wernwag,* 116 N. C., 1061, 28 L. R. A., 297, 47 Am. St. Rep., 873, is much like the present case.

No error.