McARTHUR v. MATHIS.

(Filed October 15, 1903.)

SALES—*Chattel Mortgages.*

> Where the owner of lumber authorizes a creditor in possession thereof to sell it and pay himself, such transaction constitutes a present sale of the lumber and passes title, freed from the lien of an unregistered mortgage.

Action by J. A. McArthur againt Lewis Mathis, heard by Judge *R. B. Peebles* at February Term, 1903, of the Superior Court of Duplin County. From a judgment for the plaintiff the defendant appealed.

No counsel for the plaintiff.
*Stevens, Beasley & Weeks,* for the defendant.

Connor, J. This is an action brought in the Superior Court for the recovery of the possession of a lot of lumber. The Court found the following facts: The defendant Mathis owned a tract of land in Duplin County on which were some standing timber trees, part of which he sold to one Newkirk at ninety cents per thousand feet. Newkirk contracted with the plaintiff McArthur for the sawing of the trees into lumber, for which he was to pay the plaintiff $3 per thousand feet, and to secure the performance of his part of the contract he gave to the plaintiff a chattel mortgage on the sawed lumber. This mortgage was never registered. After sawing the trees the plaintiff removed his saw mill from the land, leaving a lot of sawed lumber where he had piled it on the land near where the saw-mill stood. After the mill was removed the defendant notified the plaintiff and Newkirk not to remove any of said timber till he was paid for the trees. Newkirk then told the defendant to take possession of the lumber, sell

it and apply the proceeds to his claim. The defendant sold a part of the lumber as directed. All of the lumber left on the defendant's land was not sufficient to pay either the plaintiff's or the defendant's claim. Upon the facts found the Court rendered judgment in favor of the plaintiff.

We are of the opinion that as against the defendant the plaintiff's unregistered mortgage was invalid, and that the transaction as found by the Court constituted a sale of the lumber by Newkirk to the defendant. The lumber was upon the defendant's land and in his actual possession; nothing more was to be done to complete the sale. He was to sell it and apply the proceeds to his debt. The value of the lumber was not sufficient to pay the debt in full, hence in no point of view could Newkirk have any further interest therein. This Court, in *Jenkins v. Jarrett,* 70 N. C., 255, makes the following quotation from Blackburn on Sales: "Generally speaking, where a bargain is made for the purchase of goods and nothing is said about payment or delivery, the property passes immediately so as to cast on the purchaser all future risks, if nothing remains to be done with the goods, although he cannot take them away without paying the price. When the parties are agreed as to the goods on which the agreement is to attach, the presumption is the parties intend the right of property to be transferred at once, unless there be something to indicate a contrary intention." *Wittkowsky v. Wasson,* 71 N. C., 451; *Phifer v. Erwin,* 100 N. C., 59.

Upon the facts found judgment should have been rendered for the defendant.