## RICHARDSON v. INSURANCE CO.

(Filed November 1, 1904).

1. INSURANCE—*Sales—Questions for Jury.*

  . The question whether the title to goods had passed, within the meaning of a clause in an insurance policy stipulating a forfeiture in case of·change of title, is for the jury.

2. SALES—*Insurance.*

  Where a sale of goods is made, and nothing more is to be done, and the price is agreed upon, but nothing said about payment or delivery, future risks of fire are upon the purchaser, although he cannot take the goods away before he pays the price.

ACTION by U. C. Richardson against the Insurance Company of North America, heard by *Judge C. M. Cooke,* at February Term, 1904, of the Superior Court of GUILFORD County. From a judgment for the defendant the plaintiff appealed.

*G. S. Bradshaw,* for the plaintiff.
*King & Kimball,* for the defendant.

MONTGOMERY, J.   There was a clause in the policy of insurance by which a forfeiture was worked in case there should be any change, other than by the death of the insured, in the interest, title or possession of the subject of insurance (except· change of occupants without increase of hazard), whether by legal process 'or by judgment or by voluntary act of the insured. The plaintiff in his notice of loss to the defendant company stated that he had made a verbal sale to L. D. McDonald but had not turned the property over to him. If that had been all of the evidence bearing on the question of a sale of the goods the judgment of his Honor dismissing

the plaintiff's action would have been a proper one. But McDonald testified that although he had paid $300 on the purchase price of the goods, had agreed upon the price and was engaged in taking an inventory when the fire occurred, yet that there was an understanding between him and the plaintiff that he, McDonald, and the plaintiff when the inventory should be completed were to have a settlement and the plaintiff was to take a mortgage securing a note for the remainder of the stock. That evidence should have been submitted to the jury as to whether the title had been passed and the sale completed. His Honor treated the case as if nothing had been said between the plaintiff and McDonald about the manner of payment for the goods, but McDonald's evidence was to the effect that they were to be paid for in part by a mortgage upon his property. In a transaction of a purchase of goods where nothing is to be done, the price agreed upon and nothing is said about payment or delivery, the property passes at once and the future risk is put upon the purchaser, although he cannot take the goods away before he pays the price. That was the principle laid down in *Jenkins v. Jarrett,* 70 N. C., 255. The Court there refers to Blackburn on Sales, where the author cites the opinion of *Bailey J.,* in *Simmons v. Swift,* 5 B. & C., 862, as follows: "Generally speaking, where a bargain is made for the purchase of goods and nothing is said about payment or delivery, the property passes immediately, so as to cast on the purchaser all future risk, if nothing remains to be done to the goods, although he cannot take them away without paying the price." Upon a careful reading it will be found that the same view is announced in the case of *Woods v. Fuller,* 27 N. C., p. 26. To the same effect is the case of *Millhiser v. Erdman,* 98 N. C., p. 292, 2 Am. St. Rep., 334. There the plaintiff had shipped to the defendant a lot of tobacco with the understanding and agreement that the defendant should

execute his promissory notes at three, four and five months time in payment of the same. The defendant refused to execute the notes, whereupon the plaintiff sued the defendant for the possession of the tobacco. This Court held that the execution and delivery of the notes was an essential part of the contract and that no title passed to the tobacco because the contract had not been performed.

Error.