D. F. WOOTEN, TRUSTEE, v. J. F. TAYLOR.

(Filed 23 October, 1912.)

### 1. Deeds and Conveyances—Mortgages—Consideration—Good Faith—Assignment for Creditors.

The principle that a mortgage of practically all of a grantor's property to secure a preëxisting debt should, under certain circumstances, be treated as an assignment, and subject to the provisions of law in reference to that class of conveyances, does not obtain where the transaction is *bona fide*, was intended as a mortgage, and it appears that the property greatly exceeds in value the amount of the mortgage debt; that it was made in good faith, and a substantial part of the consideration, *i. c.*, $400 of the consideration of $700, then presently moved between the parties.

### 2. Same—Debtor and Creditor—Pre-existing Debt—Unlawful Preference—Interpretation of Statutes.

The provisions of chapter 918, sec. 2, Laws 1909, repealing section 968 of the Revisal, construed with amendments to sections 967, 969, 970, and 972, thereof, relating to assignments for the benefit of creditors and prohibiting discrimination among them, extends to all cases where "property has been transferred or conveyed within four months next preceding the registration of the deed of trust or assignment, in consideration of the payment of a preëxisting debt, where the grantee or transferee of such property knew, or had reasonable grounds to believe, that the grantor or assignor was insolvent at the time of making such conveyance or transfer": *Held,* the four months period mentioned in the statute is to be counted, as therein stated, from the time the transfer or conveyance was made, and not from the time of its registration, as provided in the present Federal bankrupt act, and the mortgage, in this case, having antedated for more than four months the general assignment, and the grantee having no notice of the grantor's insolvency, the claim is not an unlawful preference according to the provisions of our law.

### 3. Same—Consideration Present in Part—Four Months Period.

An assignor for the benefit of his general creditors theretofore had executed a chattel mortgage which substantially conveyed all of his assets to the net value of $1,289.58, to secure a debt of $700 upon the consideration $200 cash then advanced, and the mortgagee's indorsement to the bank, then made, of a note for $500, $300 of which was a debt for which the mortgagee was already an indorser for the mortgagor. The mortgagee paid the

notes on which he was an indorser, and in an action brought by the trustee in the deed of general assignment for the benefit of creditors to have the creditors prorate with the mortgage, it is *Held*, that as to the cash consideration of $200 and the $200 for which the mortgagee indorsed at the time of making the mortgage, they being an obligation presently incurred, there was no unlawful preference given by the transaction; and that as to the $300 for which the mortgagor was already an indorser, the mortgage or conveyance having been given more than four months before the execution of the general assignment without knowledge of the mortgagee of the mortgagor's insolvency, it did not come within the meaning of the statutes and was not an unlawful preference. Revisal, secs. 967, 968, 970, 972.

4. **Deeds and Conveyances—Assignment for Creditors—Mortgages—Unlawful Preference.**

A deed of general assignment for the benefit of creditors, by expressly making a prior mortgage of the grantor's property, wherein an unlawful preference is given, subject thereto, will not, of itself, prevent a recovery of the property conveyed in the mortgage by the trustee in the deed in trust for the general creditors. Revisal, sec. 968.

APPEAL by plaintiff from *Allen, J.,* at June Term, 1912, of LENOIR.

Civil action. The facts relevant to the question presented, embodied in the judgment, are as follows:

First. That on 27 July, 1910, the said J. F. Hartsfield executed a chattel mortgage on the property described in the complaint, being all of his property except $50 or $75 worth of accounts, mostly insolvent.

Second. That on 21 December, 1910, the said Hartsfield made assignment to the plaintiff, D. F. Wooten, conveying all of said property for the benefit of his creditors, subject to said mortgage mentioned in the next preceding findings of fact.

Third. That the said chattel mortgage was not recorded until 22 December, 1910, just one-half hour before the registration of the deed of assignment.

Fourth. That the said J. F. Taylor, the mortgagee in said mortgage, did not know or have any reason to believe that the said J. F. Hartsfield was insolvent at the time of the execution

of the said chattel mortgage, but he did have reason so to believe at the time of the filing of the chattel mortgage for registration on 22 December, 1910.

Fifth. That the creditors at whose instance this action is brought have filed their claims with the plaintiff assignee as such assignee and the Clerk of the Superior Court of Lenoir County, and have demanded that said assignee hold all of said property to be paid pro rata to creditors, including defendant's claim.

Sixth. That the consideration of said chattel mortgage was (1) $200, cash loaned said Hartsfield by said Taylor prior to the date of the mortgage; (2) $500, for which the defendant Taylor was and became liable to the First National Bank of Kinston at the time of the execution of said chattel mortgage, by indorsement of the note of said J. F. Hartsfield for money loaned the said Hartsfield, of which said amount $300 had been theretofore loaned said Hartsfield by said bank on the indorsement of said Taylor, and of which amount $200 was loaned said Hartsfield by said bank on the indorsement of said Taylor at the time of the execution of the said chattel mortgage, the said note so indorsed by said Taylor at the time of the execution of the chattel mortgage, including the amount of the said note previously indorsed by him, and also said amounts of money loaned to said Hartsfield at the time of the execution of the note executed contemporaneously with the execution of the said chattel mortgage.

Seventh. That subsequent to the execution of the deed of assignment and prior to the institution of this action, to wit, on 2 February, 1912, the defendant Taylor paid to the First National Bank of Kinston the amount of the said indebtedness of said Hartsfield to said bank, which indebtedness he had duly indorsed as hereinbefore stated in the next preceding findings of fact, the amount so paid to said bank by said Taylor on said indorsement being $504.

Eighth. That the amount due under said chattel mortgage by said Hartsfield to the defendant Taylor, including the money loaned him by the defendant and the money paid by the defendant to the First National Bank of Kinston on the

notes of said Hartsfield, which the defendant had indorsed as aforesaid, is $504, with interest from 2 February, 1912, and $200 with interest from 11 March, 1911.

And upon such facts the court adjudged that the defendant had a superior lien on the assets, to the amount secured by his mortgage, and that the plaintiff trustee pay same out of the funds in his hands, realized from sale of the assignee's property and which were subject to defendant's claim. To this judgment plaintiff excepted and appealed.

*George V. Cowper, W. D. Pollock, and G. G. Moore for plaintiff.*

*Rouse & Land for defendant.*

HOKE, J.  By the statutes of 1909, ch. 918, important changes were made in our law of assignments, Revisal, secs. 967, 968, *et seq.*  These changes, appearing in Pell's Supplement, vol. 3, pp. 46-47, are as follows:

967. (Repealed, and the following enacted in its stead:) "Upon the execution of any voluntary deed of trust or deed of assignment for the benefit of creditors, all debts of the maker thereof shall become due and payable at once, and no such deed of trust or deed of assignment shall contain any preferences of one creditor over another, except as hereinafter stated."

968. (Amended by adding at the end of section the following:)  "And it shall be the duty of said trustee to recover, for the benefit of the estate, property which may have been conveyed by the grantor or assignor in fraud of his creditors, or which may have been conveyed or transferred by the grantor or assignor for the purpose of giving a preference. A preference, under this section, shall be deemed to have been given when property has been transferred or conveyed within four months next preceding the registration of the deed of trust or deed of assignment in consideration of the payment of a pre-existing debt, when the grantee or transferee of such property knew or had reasonable ground to believe that the grantor or assignor was insolvent at the time of making such conveyance or transfer."

969. (Amended by adding at the end of section the following:) *"Provided,* that upon the written petition of one-fourth of the number of the creditors of the grantor or assignor whose claims aggregate more than 50 per cent of the total indebtedness of the said grantor or assignor, the clerk of the Superior Court of the county in which said deed of trust or deed of assignment is registered, upon a notice of not more than ten days to said trustee of said petition, shall remove said trustee and appoint some competent person to execute the provisions of such deed of trust or deed of assignment."

970. (Amended by striking out the words "such insolvent," in the first and second lines of said section 970, and by adding in lieu thereof the word "any.")

972. (Amended by adding to the end thereof the following:) "The trustee, after paying the necessary costs of the administration of the trust, shall pay as speedily as possible (1) all debts which are a lien upon any of the trust property in his hands, to the extent of the net proceeds of the property upon which such debt is a lien; (2) wages due to workmen, clerks, traveling or city salesmen or servants which have been earned within three months before registration of said deed of trust or deed of assignment, and (3) all other debts equally ratable."

A perusal of these amendments will disclose that, except in the two cases mentioned, (1) specific liens to the value of the property subject thereto; (2) wages due to workmen, clerks, etc., etc., all discrimination among creditors is forbidden, and that this inhibitive regulation applies, not only to all preferences attempted and contained in the deed itself, but is extended to all cases where "property has been *transferred* or *conveyed* within four months next preceding the registration of the deed of trust or assignment, in consideration of the payment of a preëxisting debt, where the grantee or transferee of such property knew or had reasonable ground to believe that the grantor or assignor was insolvent at the time of making such conveyance or transfer." In the present case, defendant, holding a chattel mortgage which conveyed substantially all of the assets admitted in the pleadings, to amount to $1,289.58, net, asks that his debt be paid in full, claiming that

it comes directly within the first class provided for by the statute, "Debts which are a lien on the trust property to the extent of the net proceeds thereof, etc." And it may be well to note that there is no allegation challenging the *bona fides* of defendant's claim except as affected by the statute, nor is the integrity of our registration laws, in their ordinary operation, in any way involved, as the mortgage was registered prior to the deed of assignment. Plaintiff contends, however, that defendant's indebtedness should share pro rata, (1) because the mortgage itself is only an assignment, and, as such, the claim is subject to pro rata distribution; (2) that the same constitutes an unlawful preference within the meaning of the act, because the time by which its validity must be determined should date from its registration and not from its execution.

On the first proposition there are several decisions in this State to the effect that, where an insolvent grantor executes a chattel mortgage to secure a preëxisting debt, and same conveys practically all the property owned by him, it is proper that such an instrument, under certain circumstances, should be treated as an assignment and subject to the provisions of law in reference to that class of conveyances. *Odom v. Clark,* 146 N. C., 553; *Brown v. Nimocks,* 124 N. C., 417; *Bank v. Gilmer,* 116 N. C., 684. To hold otherwise, said *Associate Justice Avery,* in the last-mentioned case, "would be to nullify the act." All of these authorities, however, recognize that, notwithstanding this legislation, a *bona fide* chattel mortgage may be made, and we are clearly of opinion that the principle of these decisions should not prevail on the facts of this case, where it appears that the conveyance, in the form of a chattel mortgage, on property greatly exceeding in value the amount of the debt, was made in good faith, was intended by the parties as such, and for a substantial part of the consideration, $400 out of $700, then presently moving between them.

And the second proposition must also be resolved against the plaintiff. On this subject, as stated, the statute, as now amended, provides that an unlawful preference exists when property has been transferred or conveyed by an insolvent assignor, within four months next preceding registration of

the assignment, to secure a preëxisting debt, and when the grantee or transferee of such property knew or had reasonable ground to believe that the grantor was insolvent at the time of making such *conveyance* or *transfer,* and from this it appears that to destroy a lien given in good faith, on the ground that the same constitutes an unlawful preference, the transfer or conveyance must be for (1) an antecedent debt; (2) the property must have been transferred within four months next preceding registration of the assignment; (3) when grantee had knowledge or notice of insolvency.

On the question of a preëxisting debt, the court finds that the consideration of defendant's mortgage was for $200, cash then advanced, and an indorsement to the bank, then made, for $500, $200 of which was an obligation then created and $300 was a debt for which Taylor, the mortgagee, was already an indorser. On these facts, the chattel mortgage, to the amount of $400, the obligation then created, was not for a preëxisting indebtedness, and, to that extent in any event, would be collectible as a valid lien under the statute. *In re Farmer Supply Co.,* 170 Fed., 502; *In re Wolf,* 98 Fed., 84. Remington on Bankruptcy, sec. 1328. Inasmuch, however, as $300 of the consideration had been already incurred to Taylor by reason of a prior indorsement (Remington Bankruptcy, sec. 644), the question as to this $300 will depend upon the correct construction of the statute, as to the time from which the four months is to be estimated. Does the four months mentioned begin from the time when the instrument is executed or when the same is registered? The statute, as heretofore stated, provides that an unlawful preference should be deemed to exist when property has been *transferred* or *conveyed* within the four months; and the section closes: "and when the grantee knew or had notice of the insolvency at the time of *making* such conveyance or transfer." Thus the *making* of the transfer or conveyance is the time expressly fixed by the statute, and there is nothing in the law that justifies the Court in adding the words suggested and required to sustain plaintiff's position: "That for the purposes of the statute, the registration of the instrument shall be considered the time of making."

It was contended for the plaintiff that our Legislature, in enacting these amendments, evidently designed to make our law of assignments correspond with the bankruptcy act, in this matter of preferences, and that the Federal law, in instruments of this character, makes the time of registration the determinative date, and that this was the prevailing construction of the Federal courts, even prior to the amendment of 1903 to the bankruptcy law, and by which the registration was, in express terms, made the correct date. *Godwin v. Bank,* 145 N. C., pp. 320-330; vol. 32, Statutes at Large, part 1, ch. 487. We are inclined to the opinion that prior to the amendment referred to, the weight of authority in the Federal decisions was against plaintiff's position on this question. Remington on Bankruptcy, vol. 3, sec. 1375, p. 804, in which the author says: "But the true rule, before the amendment of 1903, was contrary, namely, that if the actual transfer took place before the four months period, it was good, notwithstanding the recording or registering of the transfer occurred within the four-months period."

The better considered decisions before the amendment, holding the opposing view, rested their case chiefly on that provision in the present bankruptcy act which made the period of four months date from the registration, in reference to the act of bankruptcy, where it consisted of a transfer with intent to defraud or with purpose of securing a preference. See *In re Klingaman,* 101 Fed., 691. There is no provision of a similar kind as an aid to such a construction of our statute on assignments; on the contrary, its provision in regard to prohibited preferences more nearly resembles the bankruptcy act of 1867, ch. 8, Loveland on Bankruptcy (2d Ed.), 1240, in which the section as to these preferences was uniformly construed to date from the actual execution or making of the transfer, and not from the registration. 101 Fed., *supra,* citing *Gibson v. Warden,* 81 U. S., 244; *Sawyer v. Turpin,* 91 U. S., 144.

On the facts stated, the mortgage, securing defendant's debt, was executed more than four months before the registration of the assignment, and when the claimant had no knowledge or

notice of the assignor's insolvency, and the execution of the instrument and not the registration being, in our opinion, the correct period to date from, the claim of defendant is not an unlawful preference, within the provisions of our law, and his Honor made the correct ruling in directing that the same be paid in full. We have not been inadvertent to the fact that the assignment directly recognizes the validity of defendant's mortgage and, in express terms, is made subject to it, nor to the authorities which hold that in such case the trustee, under the assignment, is bound by the lien of the mortgage and the same must be considered the prior claim. *Bank v. Vass,* 130 N. C., 590, and other cases. The principle of these decisions may still prevail, in proper cases (see *Piano Co. v. Spruill,* 150 N. C., 168), but, in the case of general assignments, by express provision of the statute, a stipulation of that kind will not avail to prevent recovery by the trustee, where there has been an unlawful preference.

There is no error, and the judgment directing payment of defendant's claim in full is

Affirmed.