## D. B. TEAGUE, TRUSTEE OF DIXON & STEWART, v. HOWARD GROCERY COMPANY.

### (Filed 13 March, 1918.)

**1. Assignments for Benefit of Creditors—"Property"—Contracts—Statutes.**

Our statutes requiring the trustee in a general assignment for creditors to recover property "conveyed or transferred by the grantor or assignor" in preference, within the four months period, includes within their meaning both real and personal property, and the general methods by which the title is passed or interest therein created, and extends to an executed contract of sale. Revisal, sec. 967 *et seq.* 1 Greg. Sup., pp. 109-110.

**2. Same—Preference.**

Our statutes regulating general assignments for creditors prohibits and avoids, as a wrongful preference, any and every disposition of real or personal property, absolute or conditional, by which a creditor, in consideration of an existent or antecedent debt, within four months of a general assignment by his debtor, acquires title to such debtor's property, or any interest therein or lien thereon, when he knew or had reasonable grounds to believe that his grantor or assignor was insolvent at the time the transfer or conveyance was made. Revisal, sec. 967 *et seq.* 1 Greg. Sup., pp. 109-110.

**3. Same—Possession Retained—Contracts—Title.**

It is not required that possession of specific personal property be given the purchaser in order to make an executed contract of sale, for the title passes according to the intent of the parties as expressed in the contract between them; and, in the absence of specific agreement, the presumption is that the title passed at the time of the purchase without such delivery.

**4. Same—Instructions—Appeal and Error.**

Where the trustee in a general assignment for creditors brings his action to set aside as a fraudulent and void preference a transfer of the assignor's property for an antecedent debt, made within the four-months period, wherein the assignor retained possession until a later time, and the evidence is conflicting as to whether it was then agreed between the parties that the title should presently pass, it is reversible error for the trial judge to instruct the jury that the transaction was void within the meaning of the statute, if the creditor had knowledge of the insolvency of his debtor at the time the goods were delivered to him. Revisal, sec. 967 *et seq.* 1 Greg. Sup., pp. 109-110.

CIVIL ACTION, tried before *Allen, J.,* and a jury, at September Term, 1917, of LEE.

The action was to recover certain personal property, a buggy and harness, an automatic oil can, and a safe, or the value thereof, which plaintiff trustee, in a general assignment or deed of trust for creditors by Dixon & Stewart, alleged had been sold and delivered to defendants in payment of an existent debt within two weeks of the assignment and

under circumstances constituting a wrongful preference within the meaning of the statute.

It was admitted that on 2 December, 1915, the firm of Dixon & Stewart, doing a general retail business in the county, made a general assignment for the benefit of creditors, designating plaintiff D. B. Teague as trustee, and there was evidence on the part of plaintiff tending to show that about two weeks before making said assignment such firm bargained and sold to defendant, a corporation doing business in Sanford, N. C., for an existent debt, the personal property in question, and when the defendant knew or had reasonable ground to believe that the firm of Dixon & Stewart was insolvent; that said property was not delivered at the time it was bargained for, but the buggy and harness a day or two after the sale and the oil can and safe about ten days thereafter, to wit, on Friday before the following Wednesday, the latter being the day of the assignment.

Defendant corporation, admitting that it had acquired title to part of the property about two weeks before the assignment and for an existent debt, alleged that the same was purchased and acquired by them at the time specified in good faith and for full value and without notice or knowledge or any reason to believe that the assignees or any of them were insolvent.

There was also testimony on the part of defendant permitting the inference that, as to the buggy and harness, defendant had acquired title to that some eight or nine months prior to the assignment.

There was evidence on the part of defendant tending to support these averments of their answer and in order to a proper presentation of their position defendant company, in apt time, tendered an issue as follows: "1. Did the Howard Grocery Company, at the time it purchased the property or any part thereof described in the complaint and agreed to credit the account of Dixon & Stewart with the value thereof, know or have reasonable grounds to believe that said firm was insolvent?" together with two other issues identical with the second and third issues submitted by the court.

The first issue as presented by defendant was refused by the court and the cause submitted on issues as follows:

1. Did the Howard Grocery Company, at the time they received the property or any part thereof described in the complaint and agreed to credit the account of Dixon & Stewart with the value thereof, know or have reasonable grounds to believe that said firm was insolvent?

2. If a part, what part?

3. What was the value of such property so received with such knowledge or reasonable grounds of belief?

The change in the first issue being that his Honor substituted the "time when the goods were received for the time when the goods were purchased" as that when the knowledge of insolvence by the purchaser should affect the result, and defendant excepted.

In reference to this first issue, the court charged the jury that if they found "from the evidence and the greater weight thereof that at the time the defendant received the articles from Dixon & Stewart they knew or had reasonable ground to believe that they were insolvent," they would answer the first issue "Yes." And further, that "there was no sale until actual delivery; and, although the defendant may have agreed to purchase the articles as testified, and at that time had no knowledge of the seller's insolvency and no reasonable grounds for such belief, if the jury should find from the greater weight of the evidence that prior to the delivery it did acquire such knowledge or had such reasonable grounds for belief," they would answer the first issue "Yes."

There was verdict for plaintiff, assessing value of the property at $125. Judgment accordingly, and defendant excepted and appealed, assigning for error: (*a*) The substitution of the first issue. (*b*) The portions of the charge excepted to.

*Teague & Teague for plaintiff.*
*Hoyle & Hoyle for defendant.*

HOKE, J. Our statute regulating general assignments for creditors, Revisal, secs. 967 *et seq.,* as amended by Laws 1909, ch. 918, 1 Gregory's Supplement to Pell's Revisal, 109-110, makes provision, among other things, that it shall be the duty of trustee in such cases to recover for the benefit of the estate property which may have been conveyed by the grantor or assignor in fraud of his creditors or which may have been conveyed or transferred by the grantor or assignor for the purpose of giving a preference. A preference under this section shall be deemed to have been given when property has been transferred or conveyed within four months next preceding the registration of the deed of trust or deed of assignment, in consideration of the payment of a preexisting debt, when the grantee or transferee of such property knew or had reasonable ground to believe that the grantor or assignor was insolvent at the time of making such conveyance or transfer. The word "convey" more usually refers to real estate, "comprehending the general methods by which title thereto is acquired," but it may be of even more extended meaning. The word "transfer," applying to both kinds of property, may be held to include the general methods by which title thereto is passed or interest therein created, including, beyond question, an executed contract of sale. *Godwin v. Bank,* 145 N. C., 320, approving the

broad and inclusive definition of the term "transfer" contained in the Bankrutcy Act, U. S. Statutes at Large, vol. 30, ch. 541, sec. 1; *Vann v. Edwards,* 135 N. C., 661-668.

And, on proper consideration of the present statute, its terms and purpose, it is clear that the Legislature intended to prohibit and avoid, as a wrongful preference, any and every disposition of real or personal property, absolute or conditional, by which a creditor, in consideration of an existent or antecedent debt and within four months of a general assignment by his debtor, acquires title to such debtor's property or any interest therein or lien thereon, when he knew or had reasonable ground to believe that his grantor or assignor was insolvent at the time the transfer or conveyance was made. *Wooten v. Taylor,* 159 N. C., 604.

On the present record, there are facts in evidence tending to show that this transaction was an executed contract of sale, having reference to designated and specific pieces of property, and if these facts should be accepted by the jury, it is well understood that present physical delivery of the property is not necessary to the transfer of the title but that the same passes according to the intent of the parties as expressed in the contract between them, and further, that, in the absence of specific agreement on the question, the presumption is that the title passed at the time of the purchase and without such delivery. *Richardson v. Insurance Co.,* 136 N. C., 314; *Jenkins v. Jarret,* 70 N. C., 255; Tiffany on Sales, pp. 82-83; Benjamin on Sales, 7th Ed., p. 728.

In the citation to Tiffany, the correct position, in both aspects of the matter, is tersely stated as follows: "When there is a contract of sale of specific goods, the property in them is transferred at such time as the parties to the contract intended it to be transferred. (2) When there is a contract for the sale of specific goods, unless a different intention appears, the property in the goods passes to the buyer when the contract is made."

This being true, and with facts in evidence on the part of the defendants tending to show an executed contract of sale was made between these parties two or three weeks, perhaps more, before the assignment, and with delivery of a part some days thereafter, and of the remainder four or five days before the assignment, with additional evidence of insolvency disclosed after the trade, and even evidence tending to show that defendant bought the buggy and harness seven or eight months before, we are of opinion that there was error to defendant's prejudice in restricting their knowledge of the debtor's insolvency and their reasonable belief on that subject to the time when the goods were actually received by defendants, for, if they had no such knowledge or belief at

the time of title acquired, the transaction would not constitute a preference within the meaning and purport of the law.

The defendants, therefore, are entitled to have this essential fact determined on an appropriate issue and under a proper charge concerning it and to that end a new trial is awarded.

New trial.