N. G. PENNIMAN, TRADING AS BALTIMORE PULVERIZING COMPANY, v. L. L. WINDER.

(Filed 22 September, 1920.)

**Vendor and Purchaser—"Order Notify"—Title—Goods Destroyed—Contract—Breach—Recovery.**

Title to goods shipped "order notify," bill of lading attached to draft, remains in the shipper until the draft is paid, and when the shipment is lost in transit the seller cannot recover of the purchaser the purchase price thereof.

CIVIL ACTION, tried before *Guion, J.,* at February Term, 1920, of PASQUOTANK.

From a judgment of nonsuit, the plaintiff appealed.

*Aydlett & Simpson for plaintiff.*
*Thompson & Wilson and Meekins & McMullan for defendant.*

BROWN, J. It appears in evidence that the plaintiff and defendant entered into a contract whereby plaintiff agreed to sell defendant, and defendant agreed to buy 95 tons of oyster-shell lime f. o. b. vessel at Baltimore, and defendant arranged with Wathen & Company, ship brokers, of Baltimore, Md., for the schooner "Mary Gaillard" to receive the said lime at Baltimore for him.

The plaintiff did not deliver the lime to the defendant at Baltimore, and did not ship same to him open, but shipped same to be delivered at

Hall's Creek, Little River, N.. C., to "order notify," defendant, and attached the bill of lading to a sight draft and sent them through the First National Bank of Elizabeth City for collection.

On the voyage from Baltimore to Hall's Creek the "Mary Gaillard" sank, and the cargo of oyster-shell lime was never delivered at Hall's Creek.

This action is brought to recover the purchase price for lime, being the amount of the draft attached to the bill of lading.

The general rule in mercantile law is that the risk follows the title. If the title had passed to the defendant, then the loss would have fallen upon him, and he would be liable to pay for the lime although he had never received it. If, on the contrary, the title had not passed to the defendant, but was retained by the plaintiff, then the risk in transit was on the plaintiff, and he cannot recover the price of the lime. *Joyce v. Adams*, 8 N. Y., 291. We think the undisputed evidence shows that the title to the lime was retained by the plaintiff for his own protection, and that it was only to be delivered to the defendant upon payment of the draft attached to the bill of lading.

When the seller ships goods "to order notify," and draws for the purchase money, the title and right of possession to the property is reserved by the seller until the draft is paid. No title passes to the buyer, and any loss in transit must be borne by the seller. 24 R. C. L., title "Sales," secs. 306-310; 35 Cyc., 332-333; *Sims v. R. R.*, 130 N. C., 556.

Affirmed.