W. B. WATTS ET AL. v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 22 February, 1922.)

**1. Carriers—Railroads—Action—Consignee.**

The consignees of a shipment by common carrier are ordinarily the ones for whose benefit it was made and are entitled to maintain an action upon the contract, the question of title being dependent upon the intention of the parties.

**2. Same—Order, Notify—Statutes.**

The person to be notified on shipment to order of consignor has, under our statute, C. S., 313, title for the purpose of a suit to recover damages and the statutory penalty, as fully as if the carrier had contracted with him direct, upon the presentation of the bill of lading properly endorsed and his tender thereof in good faith to the carrier, the statute being remedial of the common law that there was no contractual relation between him and the carrier that would permit recovery for causes accruing before he had paid the draft, and had the bill of lading assigned to him. C. S., 290, 337.

APPEAL by plaintiffs from *Ferguson, J.,* at November Special Term, 1921, of WASHINGTON.

In July, 1920, the plaintiffs bought certain articles from the Farm Equipment Company of Raleigh, which delivered them to the defendant company at Raleigh for transportation to Plymouth, and issued its bill of lading to vendor. The shipment was made "Order, notify," and the Farm Equipment Company attached a sight draft to the bill of lading and forwarded the same through the banks in the usual course of business. Plaintiffs were notified by defendant of the arrival of the shipment, and one of plaintiffs proceeded to the station of the defendant to obtain said property; on his way down he stopped at the bank, paid draft in full, and securing the bill of lading, demanded the property from the defendant. When the car containing the shipment was opened it was discovered that certain of the batteries had been broken and destroyed. The agent of the defendant then and there told the plaintiffs to take the said batteries and keep the same subject to the order of the defendant company, thereby recognizing, as the plaintiffs claim, the responsibility of the defendant to the plaintiffs for the same. The plaintiffs filed their claim with the defendant as required by the bill of lading, and instituted this action to recover their damages on failure of the defendant to pay the same. At the conclusion of the evidence for the plaintiffs, the court directed a nonsuit, and the plaintiffs appealed.

*W. L. Whitley for plaintiffs.*
*Small, MacLean, Bragaw & Rodman for defendant.*

CLARK, C. J.   The contract of shipment in this case was made for the benefit of the plaintiffs, and they were entitled to maintain an action upon the same.  *Nicholson v. Dover,* 145 N. C., 18; *Woodard v. Stieff,* 171 N. C., 83, and numerous other cases, and it is elementary that the passing of title in sales depends upon the intention of the parties. *Teague v. Grocery Co.,* 175 N. C., 195; 35 Cyc., 277.

The trial judge seems to have followed the decision in *Mfg. Co. v. R. R.,* 149 N. C., 261, in granting the motion to nonsuit, which held that there was "no contractual relation between the carrier and the payee on a draft with bill of lading attached when the shipment is made 'Order, notify,' and that the title does not pass until the draft is paid and the payee cannot recover damages to shipment sustained prior to that time nor the penalty for delay in transit."   But since the decision in that case, the law has been changed by legislative enactment.   C. S., 290:  "A carrier, in the absence of some lawful excuse, is bound to deliver goods upon a demand made either by the consignee, named in the bill for the goods, or, if the bill is an order bill, by the holder thereof, if such demand is accompanied by:  .  .  .  (2) Possession of the bill of lading and an offer in good faith to surrender, properly endorsed, the bill which was issued for the goods if the bill is an order bill."   It appears from the record that the plaintiffs fully complied with every requirement of this act.   They had the bill properly endorsed, to which was attached at the time the paid sight draft, and they paid the freight charges demanded by the defendant, and the signed receipt for the goods delivered, the agent of the defendant noting thereon the damage.

C. S., 313, is as follows:  "A person to whom an order bill has been duly negotiated, acquires thereby:  (1) Such title to the goods as the person negotiating the bill to him had, or had ability to convey to a purchaser in good faith for value, and also such title to the goods as the consignee and consignor had, or had power to convey to the purchaser in good faith for value; and (2) *the direct obligation to the carrier to hold possession of the goods for him according to the terms of the bill as fully as if the carrier had contracted direct with him.*"

The plaintiffs, under this statute, by payment of the draft and the delivery to them of the attached bill of lading, were entitled to all the property called for in the bill of lading, and, in the event of a failure to deliver, to recover full compensation from the carrier, as complete as the consignor could have recovered had he remained the consignee.

C. S., 377, provides:  "The endorsement of a bill shall not make the endorser liable for *any failure on the part of the carrier* or previous endorser of the bill to *fulfill their respective obligations.*"   Our statute, as above, is practically the same as the Federal Bills of Lading Act of 29 August, 1916, as set out in the Federal Supp., 1918, 2d Ed., 72 *et seq.*

Formerly the consignor alone could recover for damages sustained by goods in transit or the penalty for delay unless the consignment was made in the name of the consignee. The assignee of an "Order, notify" was only entitled to the goods in the condition that they were in when the assignment was made. This was an injustice for the consignor, after receiving payment of the draft attached, had no inducement to sue for damages to the goods, or the penalty for the delay in transportation and the payer of the draft who suffered the loss from such damage and delay was without remedy. This was remedied by the above statute, which placed the assignee of such bill of lading, on payment of the draft attached, in the same status, with the same right to recover such damages to the goods and for any penalties and subject to the same defenses as formerly the consignor held in regard to such shipments. The judgment of nonsuit should be

Reversed.