## 13299. SMITH v. CALLAWAY.

STEPHENS, J. 1. Where a seller makes a shipment consigned to himself under an order-notify bill of lading with draft attached for the purchase-money, to be paid by the purchaser before delivery of the property shipped, the title to the property remains in the seller until paid for by the purchaser, even though the point of destination as indicated in the bill of lading is a point other than that stipulated in the contract under which the property was purchased, and it was contemplated by the parties that the shipment would in transit be transported to the point of destination stipulated in the contract and there transferred to the terminal carrier, and the point of destination was designated by the purchaser and agreed to by the seller solely for the purchaser's accommodation. *Erwin* v. *Harris*, 87 *Ga.* 333 (13 S. E. 513); *Southern Railway Co.* v. *Strozier*, 10 *Ga. App.* 157 (73 S. E. 42); Penniman v. Winder, 180 N. C. 73 (103 S. E. 908).

2. Where property which is shipped as above indicated is destroyed after its receipt by the terminal carrier and before the title thereto has passed to the purchaser, the loss falls upon the seller, in the absence of any contractual provision otherwise.

3. Where the shipment is made by the seller in pursuance and fulfillment of his obligation under a contract between him and the purchaser, by the terms of which the seller is to deliver a specified amount of a certain commodity and not a specified chattel, the commodity being described in the contract as South American nitrate of soda, which must before final shipment and delivery to the purchaser be transported by water from the west coast of South America to a port of the United States and thereafter delivered to the purchaser, and which contract contains certain provisions relieving the seller from certain maritime risks incident to transportation by water and before arriving at port, and also contains a general provision that "sellers are not responsible for contingencies beyond their control," the sellers can not, in a suit by the purchaser to recover for a failure to deliver under the contract after the destruction

of the shipment by fire as above indicated, successfully defend upon the ground that the seller was prevented by contingencies beyond its control from making delivery, in the absence of any proof that the seller is unable to procure another lot of the commodity, sufficient in quantity and character contracted for, and deliver the same to the purchaser.

4. In a suit by the purchaser against the seller to recover damages for failure to deliver, where the facts appear as here indicated, the market value of the commodity contracted for at the time and place for delivery, when inquired into to determine the amount of the plaintiff's damage, is the market value of the commodity at the time and place for delivery of the actual shipment made, and not the time and place of delivery contracted for in the contract. Where the purchaser had agreed to accept shipment of the commodity from the seller after the time of the delivery contracted for, such agreement between the parties amounts to an agreement to deviate from the contract as respecting the time for delivery.

5. This court will not, in a case where final judgment after verdict is excepted to, pass upon an exception to the refusal of the trial judge to direct a verdict.

6. Under the above rulings the trial judge did not err in overruling the defendant's motion, in the nature of a demurrer, to dismiss the plaintiff's case, and did not err in directing a verdict for the plaintiff upon the question of liability, and, when submitting to the jury the question as to the amount of the plaintiff's damage, did not err in his instructions to the jury submitting this issue.

7. The principal amount of the verdict found for the plaintiff being supported by the evidence (the plaintiff having voluntarily written off the amount of the interest), the court did not err in overruling the defendant's motion for a new trial.

8. No question was raised as to the validity of the contract.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED FEBRUARY 14, 1923.

Action on contract; from city court of Atlanta — Judge Reid. January 14, 1922.

Application for certiorari was granted by the Supreme Court.

*Smith, Hammond & Smith,* for plaintiff in error.

*Little, Powell, Smith & Goldstein, W. A. Slaton,* contra.