THE EARLY & DANIELS COMPANY v. AULANDER FLOUR MILLS.

(Filed 5 March, 1924.)

**Carriers — Railroads — Title — Consignor and Consignee — Actions — Damages—Order Notify Shipments—Vendor and Purchaser.**

The title and right of possession remains with the consignor by common carriage, upon bill of lading attached to draft, order notify consignee, until the draft is paid and the shipment is accepted by him; and

where he has exercised his right to reject the shipment for shortage and damage *in transitu*, the consignor's right of action for the loss occasioned by the carrier's negligence is against the carrier, and not against the consignee.

APPEAL by plaintiff from *Lyon, J.*, at August Term, 1923, of BERTIE.

Civil action to recover damages for an alleged breach of contract relating to the sale by plaintiff and purchase by defendant of a carload of wheat.

Upon denial of liability and issues joined, there was a verdict for the defendant, and, from the judgment rendered thereon, plaintiff appeals.

*Winston & Matthews for plaintiff.*
*Alexander Lassiter and Gilliam & Davenport for defendant.*

STACY, J. Plaintiff and defendant entered into a contract whereby plaintiff agreed to sell and defendant agreed to buy 1,000 bushels of No. 2 red wheat at a stipulated price, same to be shipped by plaintiff from Cincinnati, Ohio, and delivered to the defendant at Aulander, N. C. Following exchange of telegrams between the parties, by which the contract of sale and purchase was consummated, with nothing said as to how the wheat should be shipped, plaintiff consigned to itself at Aulander, N. C., a quantity of wheat, loose in a car, with instructions to the railroad company to notify the Aulander Flour Mills upon its arrival there, and attached the bill of lading for said shipment to a sight draft drawn on the defendant for the purchase price of the wheat, which draft was sent through the banks for collection.

When the wheat arrived in Aulander, at least one-fourth of it was missing from the car, such loss apparently having been caused by a hole or crack in the bottom of the car, through which the wheat had "leaked" while in transit. There was also evidence tending to show damage to the wheat from rain.

Defendant declined to receive the shipment, on the ground that the wheat was materially deficient in quantity and quality from that called for in the contract. Plaintiff thereupon shipped the said wheat to Durham, N. C., and sold it at a sum less than the contract price. This suit is to recover the difference.

It is the position of the plaintiff that when it delivered the wheat in good condition to the transportation company in Cincinnati, its duty ceased, and the defendant must now look to the carrier for any loss or damage occasioned to the wheat while in transit. *Ober v. Smith*, 78 N. C., 313; *Crook v. Cowan*, 64 N. C., 743.

It is the general rule in mercantile law that the risk of loss follows the title to the property. *Joyce v. Adams*, 8 N. Y., 291; note 26,

L. R. A. (N. S.), 10. It is also the general holding that when a seller ships goods "order notify," and draws draft for purchase price, with bill of lading attached, the title and right of possession to the property are reserved by the seller until the draft is paid. No title passes to the purchaser, and any loss in transit, as between the buyer and the seller, must be borne by the latter. *Collins v. R. R., ante,* 141; *Watts v. R. R.,* 183 N. C., 12; *Penniman v. Winder,* 180 N. C., 73; *Richardson v. Woodruff,* 178 N. C., 46; 35 Cyc., 332.

Upon sufficient evidence, the jury have found, in answer to an issue submitted to them, that the defendant was justified in refusing to accept the wheat when it reached Aulander. 35 Cyc., 202; 23 R. C. L., 1420. The plaintiff, therefore, must look to the carrier, and not to the defendant, for any loss or injury to the wheat while in transit.

The record presents no reversible or prejudicial error; hence the verdict and judgment entered below must be upheld.

No error.